UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| NORVAL JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:21-cv-00096-TWP-TAB |
| | ) | |
| BRUCE A. SCHEPPER, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER SCREENING COMPLAINT
AND DIRECTING SERVICE OF PROCESS**

Indiana Department of Correction ("IDOC") inmate Norval Johnson commenced this 42 U.S.C. § 1983 action on January 12, 2021, and paid the filing fee on February 26, 2021. Dkt. 15. On May 18, 2021, in response to the Court's Order denying his motion to refund the filing fee, dkt. 20, Mr. Johnson notified the Court that he wished to proceed with this action. *See* dkt. 23. The Court now screens the complaint and makes the following rulings.

**I.
SCREENING STANDARD**

Because Mr. Johnson is a prisoner, his complaint is subject to the screening requirements of 28 U.S.C. § 1915A(b). This statute directs that the Court shall dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* To satisfy the notice-pleading standard of Rule 8 of the Federal Rules of Civil Procedure, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)); *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (same). The Court construes *pro se* pleadings liberally and holds *pro se* pleadings to less stringent standards than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

## II.
## THE COMPLAINT

The complaint alleges that law librarian Bruce Schepper violated Mr. Johnson's First, Eighth, and Fourteenth Amendment rights when he denied Mr. Johnson access to the law library and gave Mr. Johnson's legal papers to another inmate, all in retaliation for Mr. Johnson's previous grievance against him. Mr. Johnson alleges that the defendant treated him unfairly because inmates living in his same housing unit were allowed to attend the law library when he was not. He seeks injunctive relief and money damages.

## III.
## DISCUSSION OF CLAIMS

Applying the screening standard to the factual allegations in the complaint, certain claims are dismissed while other claims shall proceed as submitted.

First, Mr. Johnson's claim that he was treated unfairly is **dismissed** for failure to state a claim. The constitution protects one from disparate treatment based on membership in a protected class. *Greer v. Amesqua*, 212 F.3d 358, 370 (7th Cir. 2000). Mr. Johnson's complaint contains no allegation that he was discriminated against because of his membership in a particular class. *Herro v. City of Milwaukee,* 44 F.3d 550, 552 (7th Cir. 1995) (internal quotation omitted). Simply receiving different or unfair treatment is not enough to raise an equal protection violation. *Sherwin Manor Nursing Ctr. v. McAuliffe*, 37 F.3d 1216, 1220 (7th Cir. 1994); *Huebschen v. Department of Health & Soc. Servs*., 716 F.2d 1167, 1171 (7th Cir.1983). Mr. Johnson has failed to allege that

he was treated unfairly because of his membership in a particular class and therefore does not allege a viable equal protection claim.

Second, Mr. Johnson's access-to-courts claim is **dismissed** for failure to state a claim. "Prisoners have a fundamental right of access to the courts," and prison staff "may not impinge on a prisoner's efforts to pursue a legal claim attacking . . . his criminal judgment." *In re Maxy*, 674 F.3d 658, 660 (7th Cir. 2012). However, "to satisfactorily state a claim for an infringement of the right of access, prisoners must also allege an actual injury." *Id.* "That is, they must allege that some action by the prison has frustrated or is impeding an attempt to bring a nonfrivolous legal claim." *Id.* at 661. Here, Mr. Johnson has not alleged with any specificity what nonfrivolous legal claim has been frustrated by the defendant's actions. *Lewis v. Casey,* 116 S. Ct. 2174, 2179 (1996) ("[T]o state a right to access-to-courts claim and avoid dismissal under Rule 12(b)(6), a prisoner must make specific allegations as to the prejudice suffered because of the defendant's alleged conduct.").

Mr. Johnson's First Amendment retaliation claim **shall proceed** as pleaded in the complaint.

This summary of remaining claims includes all the viable claims identified by the Court. All other claims have been dismissed. If Mr. Johnson believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through July 23, 2021,** in which to identify those claims.

### IV.
### CONCLUSION AND SERVICE OF PROCESS

Mr. Johnson's motion to proceed with this case, dkt. [23], is **granted**. His First Amendment retaliation claim **shall proceed** as pleaded in the complaint. All other claims have been dismissed.

The clerk is **directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process electronically to the defendant in the manner specified by Fed. R. Civ. P. 4(d). Process shall consist of the

complaint, dkt. [1], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

**IT IS SO ORDERED.**

Date: 6/24/2021

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

NORVAL JOHNSON
251009
PENDLETON - CORRECTIONAL INDUSTRIAL FACILITY
CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064

Electronic Service to IDOC Employee:

    Bruce A. Schepper, Law Library Coordinator – Pendleton Correctional Facility